Joseph Alton JENKINS, Regional Director of the Twenty-Eighth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

LOCAL NO. 83, CONSTRUCTION, BUILDING MATERIAL AND MISCELLANEOUS DRIVERS UNION, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent.

Civ. No. 3862.

United States District Court
District of Arizona.

Oct. 9, 1961.

Sanfjord B. Teu, II, Attorney, National Labor Relations Board, Washington, D. C., for plaintiff.

Minne & Sorenson, by Andrew D. Ward, Phoenix, Ariz., for respondent.

DAVIS, District Judge.

This cause came on to be heard upon the verified petition of Joseph A. Jenkins, Regional Director of the Twenty-eighth Region of the National Labor Relations Board (herein called the Board), for a temporary injunction pursuant to Section 10($l$) of the National Labor Relations Act, as amended (herein called the Act), 29 U.S.C.A. § 160($l$), pending the final disposition of the matters involved herein pending before the Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. Respondent filed an answer to said petition. A hearing on the issues raised by the petition and answer was duly held beginning on October 3, 1961. Immediately following the opening statements by counsel for petitioner and counsel for respondent, petitioner moved for judgment on the pleadings and arguments were thereupon presented in support and in opposition to such motion and the Court thereafter ordered that such motion for Judgment on the Pleadings be granted. The Court, upon the record so made, makes the following:

FINDINGS OF FACT

1. Petitioner is Regional Director of the Twenty-Eighth Region of the Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. On or about September 20, 1961, Industrial Council, Inc. (herein called Council), pursuant to the provisions of the Act, filed an amended charge with the Board (to a charge originally filed with the Board on or about August 30, 1961), said amended charge alleging that Local No. 83, Construction, Building Materials and Miscellaneous Drivers Union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (herein called respondent), a labor organization, has engaged in, and is engaging in, unfair labor practices

within the meaning of Section 8(b) (4) (i) and (ii), subparagraph (C) of the act, 29 U.S.C.A. § 158(b) (4) (i, ii) (C).

3. The aforesaid charge and amended charge were referred to petitioner as Regional Director of the Board.

4. There is and petitioner has reasonable cause to believe that:

(a) Respondent, an unincorporated association, is an organization in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

(b) Respondent maintains its principal offices at Phoenix, Arizona, and at all times material herein has been engaged within this judicial district in transacting business and in promoting and protecting the interests of its employee members.

(c) The B. F. Goodrich Tire Company (herein called Goodrich), is engaged at Phoenix, Arizona, in the sale, distribution and servicing of tires and related products. In the operation of its business, Goodrich annually receives goods and materials from outside the State of Arizona valued at in excess of $50,000.

(d) Union Rock and Materials Company (herein called Union Rock), is engaged at Phoenix, Arizona, in the manufacture and sale of sand and rock products. Union Rock annually receives from points outside of the State of Arizona goods, materials, or products valued at over $50,000.

(e) Sometime prior to February 20, 1959, pursuant to a petition filed with the Board to determine the collective bargaining representative of the employees of Goodrich in a unit appropriate for collective bargaining, an election by secret ballot was conducted by the Board at which Local 274, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, (herein called Local 274), a labor organization within the meaning of Section 8(b)

(4) (C) of the Act, received a majority of the votes cast by eligible voters, and on or about February 20, 1959, pursuant to Section 9 of the Act, 29 U.S.C.A. § 159, the Regional Director of the Board, on behalf of the Board, duly certified Local 274 as the exclusive bargaining representative of the employees of Goodrich in the following unit:

"All employees of the B. F. Goodrich Tire Company at the Employer's recapping plant at 305 E. Henshaw Avenue, the servicemen employed at the retail store location at 200 East Van Buren Street, and the warehouse employees at 1345 North 22nd Avenue, all in Phoenix, Arizona, but excluding all sales personnel, clerical employees, guards, and supervisors as defined in the Act."

(f) Pursuant to the aforesaid certification, Goodrich is currently recognizing and bargaining with Local 274 as the exclusive bargaining representative of its employees in the aforementioned unit.

(g) Finds that on or about April 1, 1961, Union Rock contracted with Goodrich for the purchase of tires, and further finds that there is a joinder of issue based upon the pleadings as to the scope of such contract, and a further joinder of issue over the allegation of petitioner "that Goodrich assigned three of its regular employees, from the unit described above" to Union Rock plants.

(h) Notwithstanding the certification of Local 274 as the exclusive bargaining representative of Goodrich's employees in the unit described above, respondent, since on or about August 23, 1961, has demanded that Goodrich recognize and bargain with respondent as the collective bargaining representative of certain Goodrich employees who work at or out of the tire shop at the Union Rock plant, 2800 South Central Avenue, Phoenix, Arizona, and further finds that issue is raised by the pleadings to the effect that the employees working at and out of said location were not assigned from the units of employees coming within the certification of Local 274.

(i) In furtherance of its demand set forth in subparagraph (g) above, respondent, since on or about August 30, 1961, has engaged in a strike against Goodrich, at its 2800 South Central Avenue shop, and has picketed the entrance to said shop area. Issue is raised that such picketing does not constitute picketing of the "plant of Union Rock".

(j) By the acts and conduct set forth in subparagraph (h) above, including its strike and picketing, respondent has engaged in and has induced and encouraged individuals employed by Goodrich to strike and refuse to perform services for Goodrich; that issue has been raised with respect to the allegation of petitioner that the respondent has induced or encouraged individuals employed by Union Rock or by other persons engaged in commerce or industries affecting commerce, to engage in strikes or refusals in the course of their employment to use, manufacture, process, transport or otherwise handle or work on goods, articles, materials or commodities, or to perform services, and has threatened, coerced and restrained other persons engaged in commerce or in industries affecting commerce.

(k) An object of the acts and conduct of respondent set forth in subparagraphs (h), (i) and (j) above, was and is to force or require Goodrich to recognize or bargain with respondent as the representative of the employees of Goodrich engaged in performing services at the Union Rock plant at 2800 South Central Avenue, Phoenix, Arizona, notwithstanding that Local 274 has been certified as the exclusive bargaining representative of the employees described in paragraph 4(e) above.

(l) The acts and conduct of respondent set forth in Findings of Fact 4(h), (i), (j) and (k) above, occurring in connection with the operations of Goodrich, Union Rock and other persons, have a close, intimate, and substantial relations to trade, traffic and commerce among the several states, and tend to lead and do lead to labor disputes burdening and obstructing commerce and the free flow of commerce.

(m) That the allegations of the petition denied by the respondent, as set forth in paragraphs 4(g), 4(h), 4(i) and 4(j) above present issues of fact to be determined only by the National Labor Relations Board upon a hearing of the charges described in paragraphs 2 and 3 above pending before said Board, and are not within the province of this Court to hear and determine in this proceeding.

(n) That the National Labor Relations Board can construe certification of Local 274 as covering individuals performing services for Goodrich at 2800 South Central Avenue, and likewise can, with equal propriety, construe such certification as not covering said employees; that until such a determination is made by the Board itself it is equally possible for the Board to reach either conclusion and consequently the petitioner has reasonable cause to believe that an unfair labor practice may be involved under the charges filed under paragraph 2 of these findings.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and of the subject matter of this proceeding, and under Section 10(l) of the Act is empowered to grant injunctive relief.

2. That there is, and petitioner has, reasonable cause to believe that:

(a) Respondent is a labor organization within the meaning of Sections 2 (5), 8(b) and 10(l) of the Act, 29 U.S. C.A. §§ 152(5), 158(b), 160(l).

(b) Goodrich and Union Rock are engaged in commerce within the meaning of Section 2(6) and (7) of the Act.

(c) That petitioner has reasonable cause to believe that respondent has engaged in unfair labor practices within the meaning of Section 8(b) (4) (i) (ii) (C) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, and a continuation of these practices will impair the policies of the

Act as set forth in Section 1(b), 29 U.S.C.A. § 141(b) thereof.

3. To preserve the issues for the orderly determination by the National Labor Relations Board as provided in the Act, it is appropriate, just and proper that pending the final disposition of the matters herein involved pending before the Board, respondent, its officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with it or them, be enjoined and restrained from the commission, continuation, or repetition of the acts and conduct set forth in Findings of Fact 4(h), (i), (j) and (k) above, or acts or conduct in furtherance or support thereof.